1  STEPHANIE FORMAN, ESQ.; STATE BAR NO.: 195757
2  ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

3  **THARPE & HOWELL, LLP**
   **15250 Ventura Boulevard, Ninth Floor**
4  **Sherman Oaks, California  91403**
   **(818) 205-9955; (818) 205-9944 fax**
5  E-Mail:  sforman@tharpe-howell.com
   E-Mail:  abreuer@tharpe-howell.com
6
   Attorneys for Defendant,
7  LOWE'S HOME CENTERS, LLC

8                UNITED STATES DISTRICT COURT

9                EASTERN DISTRICT OF CALIFORNIA

10

11 | EFFIE VISSER                          | Case No.:
12 |                                       | *[Stanislaus County Superior Court Case No.: CV-22-001397]*
13 |            Plaintiff,                 |
14 | v.                                    | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**
15 | LOWE'S HOME CENTERS, LLC, and DOES 1 TO 100, |
16 |            Defendants.                | Complaint Filed: April 1, 2022

17

18       PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b),

19 Defendant LOWE'S HOME CENTERS, LLC, contemporaneously with the filing of

20 this notice, is effecting the removal of the below referenced action from the Superior

21 Court of the State of California for the County of Stanislaus, to the United States

22 District Court, Eastern District of California.  The removal is based, specifically, on

23 the following grounds.

24            **JURISDICTION AND VENUE ARE PROPER**

25       1.    This is a civil action over which this Court has original jurisdiction based

26 on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be

27 removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a

28 civil action between citizens of different states and the amount in controversy exceeds

- 1 -

$75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391 and 1446.

**PLEADINGS, PROCESS AND ORDERS**

3. On April 1, 2022, Plaintiff EFFIE VISSER ("Plaintiff) commenced the above-entitled civil action in the Superior Court for the County of Stanislaus by filing a Complaint therein entitled *Effie Visser v. Lowe's Home Center, LLC and Does 1 to 100*; Case No. CV-22-001397.  True and correct copies of the following documents are attached hereto and incorporated herein by reference collectively as **Exhibit A**:

    a. Summons;

    b. Complaint;

    c. Notice of Errata;

    c. Notice of Case Management Conference;

    d. Blank Answer; and

    e. Blank Case Management Conference Statement.

4. On June 23, 2022, the documents comprising **Exhibit A** were personally served on defendant LOWE'S HOME CENTERS, LLC's agent for service of process.

5. On July 12, 2022, Defendant LOWE'S HOME CENTERS, LLC filed its Answer to Plaintiff's Complaint and Demand for Jury Trial.  True and correct copies of Defendant LOWE'S HOME CENTERS, LLC's Answer to Complaint and Demand for Jury Trial are collectively attached hereto as **Exhibit B**.

6. On July 12, 2022, defendant LOWE'S HOME CENTERS, LLC filed a Stipulation to Strike Count from Plaintiff's Complaint; and [Proposed] Order.  The state Court signed the Order on July 19, 2022, and it was entered by the Court on July 25, 2022.  A true and correct copy of the Stipulation to Strike Count from Plaintiff's Complaint; and signed Order thereon is attached hereto as **Exhibit C**.

///

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

7. The following documents are also on file with the Stanislaus County Superior Court:

  a. Defendant's Case Management Statement, filed July 18, 2022, a true and correct conformed copy of which is attached hereto as **Exhibit D**.

  b. Plaintiff's Case Management Statement, filed July 19, 2022, a true and correct copy of which is attached hereto as **Exhibit E**.

  c. Proof of Electronic Service of Plaintiff's Case Management Statement, filed on July 19, 2022, a true and correct copy of which is attached hereto as **Exhibit F**.

  c. Notice of Ruling Following Case Management Conference, filed August 2, 2022, a true and correct conformed copy of which is attached hereto as **Exhibit G**.

8. The attached exhibits constitute all process, pleadings and orders served by or upon Defendant LOWE'S HOME CENTERS, LLC in this matter.

## DIVERSITY

### A. Citizenship

9. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

10. Plaintiff was, at the time of the filing of this action, and presently remains, a resident and citizen of the State of California.

11. Defendant LOWE'S HOME CENTERS, LLC, is a limited liability company. The citizenship of a limited liability company, for purposes of diversity jurisdiction, is the citizenship of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). LOWE'S HOME CENTERS, LLC, is a manager-managed

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS. LLC**

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

limited liability company with its only member being Lowe's Companies, Inc. Lowe's Companies, Inc., is a North Carolina corporation, incorporated in North Carolina with its principal place of business in the State of North Carolina. Accordingly, LOWE'S HOME CENTERS, LLC is a citizen of the State of North Carolina.

12. Therefore, complete diversity of citizenship exists as between Plaintiff EFFIE VISSER and Defendant LOWE'S HOME CENTERS, LLC.

### B. Fictitious Does

13. Defendants DOES 1 to 100, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

## AMOUNT IN CONTROVERSY

14. Plaintiff's Complaint sets forth causes of action for negligence and premises liability. *See*, **Exhibit A.** Plaintiff alleges that on April 23, 2020, she was a patron at defendant's store and when she tripped and fell over a cable causing her to be injured. Although Plaintiff was prohibited from stating a specific amount demanded in her Complaint, Defendant has been able to ascertain through the Complaint and "other paper" that the amount in controversy exceeds $75,000.00.[1]

15. Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996);

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint. *See, Cal. Code Civ. Proc.* § 425.10.

*see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy."). This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also, Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

16. A defendant must merely set forth the underlying facts supporting an inference that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover. *McPhail*, 529 F.3d at 954-55. "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

17. On August 3, 2022 Plaintiff served Defendant by electronic service with a Statement of Damages under California *Code of Civil Procedure* § 452.11, which was received by Defendant on August 3, 2022. The Statement of Damages establishes that the amount in controversy in this litigation exceeds the $75,000 statutory minimum. A true and correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit H.**

18. Plaintiff's Statement of Damages alleges that she is seeking in excess of $75,000 in past and future medical expenses, among other damages claimed. *Ibid*. Thus, the amount in controversy exceeds the $75,000 statutory minimum and federal jurisdiction is proper.

19. 28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. A statement of damages under California Code of Civil Procedure section 425.11, is a written statement setting forth the nature and amount of damages being sought, and constitutes "other paper" under section 1446(b)(3). See *Hanson v. Equilon Enterprises LLC* (N.D.Cal. 2014) 2014 U.S. Dist. LEXIS 110795, *9 (finding statement of damages served on defendant by plaintiff constituted "other paper").

20. The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than $75,000.00 or (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

21. Plaintiff's Statement of Damages constitutes "other paper" and satisfies the amount in controversy requirement. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

22. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant of Plaintiff's Statement of Damages on August 3, 2022, which first indicated that the amount in controversy exceeds $75,000 and the matter is removable. 28 U.S.C. § 1446(b)(3).

23. Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed her Complaint on April 1, 2022.

///

24. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: August 29, 2022                         THARPE & HOWELL, LLP

                                               By: _____
                                                   STEPHANIE FORMAN
                                                   ANDREA BREUER
                                                   Attorneys for Defendant,
                                                   LOWE'S HOME CENTERS. LLC

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY) BY DEFENDANT LOWE'S HOME CENTERS, LLC**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| | |
|---|---|
| Robert J. Anaya, Esq.<br>LAW OFFICE OF ROBERT J. ANAYA<br>821 13th Street, Suite E<br>Modesto, CA  95354<br>Tel: 209-522-7500<br>Email: robertanayaesq@aol.com<br><br>cc:<br>Susanna Young, Legal Asst.<br>Email: susanna@robertanayalegal.com | Attorneys for Plaintiff,<br>EFFIE VISSER |

5a. __X__ **BY ELECTRONIC TRANSMISSION**. By e-mailing the document(s) to the person(s) at the e-mail address(es) listed in item 4 pursuant to prior written consent of the party(ies) served. Fed.R.Civ.P. 5(b)(2)(E) and (F). I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed in item 4.  No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 9/1/2022 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32995\Pleadings\FEDERAL\Notice of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221